81 F.3d 1147
 317 U.S.App.D.C. 191
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
John Fitzgerald SAMUEL, Appellant.
 No. 95-3073.
 United States Court of Appeals, District of Columbia Circuit.
 April 3, 1996.
 
 Before BUCKLEY, HENDERSON, and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. After full review of the case, the court is satisfied that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.R. 36(b).
 
 
 2
 Samuel raises three main issues on appeal: (1) the prosecutor's reference, in her opening statement, to a "confidential informant" who never testified at trial was improper and unduly prejudicial; (2) the evidence was insufficient to convict him of the use of a dangerous weapon under 18 U.S.C. § 2113(d); and (3) testimony about his initial silence after being arrested violated the rule of Doyle v. Ohio, 426 U.S. 610 (1976). As regards Samuel's first argument, we agree that the prosecutor's allusion to a "confidential informant" was error, but we find it to be harmless. The confidential informant was not invoked to prove Samuel's guilt; rather, the prosecutor stated that an informant had called the FBI and identified Samuel as the man in a published photograph taken by bank surveillance cameras during the course of the robbery. The jury was perfectly able to evaluate the informant's judgment for itself: it saw the photograph taken by the surveillance cameras, it saw the defendant, and it concurred in the informant's assessment. We also note that the reference to the informant consisted of only a few sentences at the beginning of the trial. The prosecutor never referred to the informant again, and Samuel's counsel was free to exploit the fact that the informant never testified.
 
 
 3
 Samuel also argues that there was insufficient evidence to convict him of the use of a dangerous weapon because two witnesses outside the bank testified that a gun dropped by the fleeing robber was a toy. Nonetheless, a criminal who, during the commission of an armed robbery, brandishes an object that is reasonably perceived to be a dangerous weapon violates 18 U.S.C. § 2113(d) whether or not he actually possesses one. See United States v. Levi, 45 F.3d 453, 456 (D.C.Cir.1995); United States v. Ray, 21 F.3d 1134, 1140 (D.C.Cir.1994). An FBI agent, who stated that he and other agents had interviewed a teller and customers who were in the bank at the time of the incident, testified that "[t]he witnesses indicated that [Samuel] had a handgun of some type, which was held low on the side." Trial transcript, March 14, 1995, at 32. This answer was in response to the following question: "Did you learn whether the robber actually was armed during the bank robbery?" Id. A reasonable trier of fact could conclude from the agent's testimony that people inside the bank saw Samuel brandish what appeared to be a dangerous weapon.
 
 
 4
 Finally, Samuel argues that the government in its case-in-chief had the arresting officer bring out the fact that Samuel was read his rights and thereafter remained silent. He contends that this testimony violates the rule in Doyle v. Ohio, which bars the use against a criminal defendant of silence maintained after the receipt of governmental assurances. The fact is, however, that Samuel was not silent after being read his rights: he made a statement to a police officer. Cf. Anderson v. Charles, 447 U.S. 404, 408 (1980) ("a defendant who voluntarily speaks after receiving Miranda warnings has not been induced to remain silent") (per curiam). Therefore, Doyle was not violated. Accordingly, it is
 
 
 5
 ORDERED AND ADJUDGED that the judgment and sentence be affirmed.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.